UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GERTRUDE COLBURN, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| TRADER JOE'S COMPANY, | ) | AND DEMAND FOR |
| Defendant. | ) | JURY TRIAL |
| | ) | |

Plaintiff, Gertrude Colburn ("Mrs. Colburn"), by and through the undersigned attorneys, complaining of Defendant, Trader Joe's Company ("Trader Joe's") respectfully sets forth and alleges as follows:

## PARTIES

1. Plaintiff, Mrs. Colburn, is a resident of Needham, Norfolk County, Massachusetts with a last and usual address of 134 Garden Street, Needham, Massachusetts.

2. Defendant, Trader Joe's, is a California corporation with a principal office located at 800 S. Shamrock Avenue, Monrovia, California 91016, and a Massachusetts resident agent, Paracorp Incorporated, located at 44 School Street, Suite 505, Boston, Massachusetts 02108.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon the diversity jurisdiction statute, 28 U.S.C. sec. 1332, which is satisfied because: (i) Plaintiff's damages exceed $75,000.00; and, (ii)

1

Plaintiff is a Massachusetts resident, and Defendant is a corporation organized in California with a principal place of business in California.

4. Venue is proper in the District of Massachusetts because Plaintiff is a Massachusetts resident with a last and usual address within the Commonwealth of Massachusetts.

## FACTS

5. Trader Joe's is an American chain of grocery stores headquartered in Monrovia, California.

6. Trader Joe's is a self-serve retailer of groceries with stores located in the United States, including one which was located at 958 Highland Avenue, Needham, Massachusetts (the "Store"), on or around December 17, 2017.

6. On or around December 17, 2017, Mrs. Colburn was a business invitee of the defendant, Trader Joe's, at the Store.

7. On or around December 17, 2017, while using reasonable care on the Store property, Mrs. Colburn tripped and fell over a shrink-wrapped pallet of merchandise that was owned and controlled by the defendant, Trader Joe's, on it's property at the Store located in Needham, Massachusetts (the "Incident").

8. As a result of the Incident, Mrs. Colburn sustained bodily injury to her left knee, which required surgery, causing her to suffer pain and incur reasonable and necessary medical expenses in excess of $75,000.00.

## COUNT ONE – NEGLIGENCE

9. Plaintiff repeats and reavers the allegations set forth above in Paragraph 1 through Paragraph 8 as if fully restated herein.

10. At all relevant times, Trader Joe's carried on a business involving the land and building located at 958 Highland Avenue, Needham, Massachusetts, which included, among things, the Store and the parking lot (the "Premises").

11. At all relevant times, Trader Joe's carried on a self-service retail grocery business, whereby merchandise is easily accessible to customers in the Store and on the Premises.

12. On and before December 17, 2017, Trader Joe's owned, leased and/or controlled and maintained the Store and the Premises.

13. On and before December 17, 2017, Trader Joe's was responsible for staffing the Store on the Premises with the number of employees that a reasonable merchant in a like situation would have to inspect and maintain the property to prevent injury to lawful visitors.

14. On and before December 17, 2017, Trader Joe's was responsible for hiring, training and supervising the employees that were working at the Store, on the Premises, on or around December 17, 2017.

15. On or around December 17, 2017, Trader Joe's its agents, servants or employees were responsible for inspecting the aisles, walkways, stairways, entrances, exits, parking lot, and other surfaces for unreasonably dangerous conditions, including, but not limited to, merchandising pallets, located on the Premises.

16. On and before December 17, 2017, Trader Joe's its agents, servants or employees were responsible for maintaining and observing a digital or video surveillance system on or for the Premises, including the parking lot of the Store on the Premises.

17. On and before December 17, 2017, Trader Joe's its agents, servants or employees owed a duty to all lawful visitors to make reasonable efforts to protect lawful visitors against dangerous conditions on the property of the Store and on the Premises.

18. On or around December 17, 2017, Mrs. Colburn was a lawful visitor and business invitee at the Trader Joe's Store located on the Premises.

19. On or around December 17, 2017, employees of the Trader Joe's Store located on the Premises were under the supervision, direction or control of Trader Joe's.

20. On or around December 17, 2017, Mrs. Colburn entered the Premises, parked her car in the parking lot, and began walking into the Store when she tripped and fell over a merchandising pallet that had been negligently maintained by the defendant, Trader Joe's.

21. On or around December 17, 2017, Trader Joe's its agents, servants or employees allowed a dangerous condition to exist on the Premises, near the entrance of the Store, without providing customers, including Mrs. Colburn, with a warning regarding the dangerous condition.

22. On or around December 17, 2017, Trader Joe's its agents, servant or employees allowed the dangerous condition to exist near the entrance of the Store located on the Premises for a length of time greater than that of a reasonable business owner in a like situation.

23. On or around December 17, 2017, Trader Joe's its agents, servants or employees had reason to expect that the self-service mode of operation carried on at the Store located on the Premises would result in dangerous conditions created by in-aisle

merchandising, or restocking, involving pallets that customers may encounter while shopping.

24. On or around December 17, 2017, Trader Joe's had reason to expect that the self-service mode of operation carried on at the Store on the Premises required its agents, servants and employees to use a degree of care commensurate with the risks involved.

25. On or around December 17, 2017, Trader Joe's its agents, servants or employees allowed a reasonably foreseeable, dangerous condition to exist near the entrance of the Store on the Premises.

26. On or around December 17, 2017, Trader Joe's its agents, servants or employees failed to exercise reasonable care in making the Store located on the Premises safe for invitees, including Mrs. Colburn.

27. On or around December 17, 2017, Trader Joe's its agents, servants or employees knew or should have known about the dangerous condition created by the placement of the subject pallet of near the entrance of the Store located on the Premises, and Trader Joe's failed to realize that it involved an unreasonable risk of harm to Mrs. Colburn.

28. On or around December 17, 2017, Trader Joe's its agents, servants or employees failed to expect that Mrs. Colburn would not discover or realize the dangerous condition or would fail to protect herself against it, at the Store located on the Premises.

29. On and before December 17, 2017, Trader Joe's enacted company policies regarding the staffing of the Store located on the Premises, among others in the United States, including, but not limited to, policies concerning the hiring, training, number and

supervision of employees, that a reasonable company in a like situation would not have enacted.

30. On and before December 17, 2017, Trader Joe's had a duty to staff its self-service grocery stores with a reasonable number of competent employees, and train and supervise these employees to keep the aisles, entrances and walkways of the Store and on the Premises free from dangerous conditions, including, but not limited to the placement of pallets.

31. As a direct and proximate result of Trader Joe's breaches of its duties and its negligent conduct, and the negligence of Trader Joe's agents, servants or employees, Mrs. Colburn fell on or around December 17, 2017, at the Store located on the Premises.

32. As a direct and proximate result of the negligence of Trader Joe's its agents, servants or employees, Mrs. Colburn was injured, she was prevented from transacting her usual business, she suffered and she will continue to suffer great pain of body and mind, and she was obligated to expend and she will continue to be required in the future to expend monies for medical care and attention.

**WHEREFORE**, the Plaintiff, Gertrude Colburn, claims damages and demands judgment in the amount of $300,000.00 against the defendant, Trader Joe's Company, together with interest and costs.

## JURY DEMAND

The Plaintiff, Gertrude Colburn, demands a trial by jury.

Respectfully submitted,
TRUDY COLBURN,
By her attorneys,

**Rourke Law Office, P.C.**


/s/ Craig E. Rourke
_____
Craig Rourke, BBO# 665643
325 Central Street
Saugus, MA 01906
(617) 553-9111
*crourke@craigrourke.com*


Dated: 11/30/2020